UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HOPECOAST SHIPPING CO. LTD.,      :    07 CV _____

                Plaintiff,      :    ECF CASE

   - against -      :

ENERGON TRADE S.A. and COSMOTRANS      :
NAVIGATION S.A.,
                      :
                Defendants.
------------------------------------------------------------X



## VERIFIED COMPLAINT

    Plaintiff, HOPECOAST SHIPPING CO. LTD. (hereafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy, and Lennon, LLC, as and for its Verified Complaint against the Defendants, ENERGON TRADE S.A. (hereinafter referred to as "ENERGON") and COSMOTRANS NAVIGATION S.A. (hereinafter referred to as "COSMOTRANS") (collective referred to herein as "Defendants"), alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

    2.    At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law and was at all material times the disponent owner of the motor vessel "ANNA A" (hereinafter the "Vessel").

    3.    Upon information and belief, Defendant ENERGON was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the Charterer of the Vessel.

    4.    Pursuant to a charter party dated March 3, 2007 Plaintiff voyage chartered the Vessel to Defendant ENERGON.

5. Upon information and belief, Defendant COSMOTRANS was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the guarantor of Defendant ENERGON's performance of the aforesaid vessel charter party. As guarantor of Defendant ENERGON's performance of the aforesaid vessel charter party, Defendant COSMOTRANS is properly named as party Defendant herein.

6. During the course of the aforesaid charter party certain disputes arose concerning the Defendant ENERGON's failure to remit all Vessel charter hire due and payable to Plaintiff and also its failure to redeliver the Vessel to Plaintiff with the same quantities of fuel bunkers aboard the Vessel was when it was delivered into the service of Defendant ENERGON.

7. As a result of Defendant ENERGON's breach of the charter party contract, Plaintiff has sustained damages in the total principal amount of $120,747.02, exclusive of interest, arbitration costs and attorney's fees.

8. Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in Hong Kong, pursuant London Maritime Arbitration Association terms, with English law to apply.

9. Despite due demand, Defendant ENERGON has failed to pay the amounts due and owing under the charter party. Further, Defendant COSMOTRANS, as guarantor of Defendant ENERGON's performance, has failed also to pay the amounts due and owing under the charter party.

10. As a result, Plaintiff will commence arbitration proceedings in Hong Kong on its claims.

11. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration conducted pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | | |
|---|---|---|---|
| A. | Principal claim: | | $120,747.02; |
| | i. Unpaid hire: | [$77,349.82] | |
| | ii. Failure to re-deliver vessel with proper bunkers and fuel | [$42,857.20] | |
| B. | Estimated interest on claims: 3 years at 6.5%, compounded quarterly | | $25,109.30; |
| C. | Estimated attorneys' fees: | | $25,000.00; and |
| D. | Estimated arbitration costs/expenses: | | $35,000.00. |
| **Total** | | | **$205,856.32.** |

12. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendants.

13. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by any garnishee(s) within the District for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claim as described above.

14. The Plaintiff also seeks an Order from this Court recognizing, confirming and enforcing any forthcoming Hong Kong arbitration award(s) in Plaintiff's favor pursuant to 9 U.S.C. §§ 201 *et seq*.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$205,856.32.**

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$205,856.32** belonging to, due or being transferred to, from, or for the benefit of the Defendants, including, but not limited to, such property as may be held, received or transferred in Defendants' names, or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishes to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That pursuant to 9 U.S.C. §§ 201 *et seq*. this Court recognize and confirm any Hong Kong arbitration award(s) or judgment rendered on the claims had herein as a judgment of this Court;

D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

F. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: Southport, CT
May 22, 2007

        The Plaintiff,
        HOPECOAST SHIPPING CO. LTD.

By: *[signature]*
    Nancy R. Peterson (NP 2871)
    Kevin J. Lennon (KL 5072)

LENNON, MURPHY & LENNON, LLC
The Gray Bar Building
420 Lexington Ave., Suite 300
New York, NY 10170
Phone (212) 490-6050
Fax (212) 490-6070
nrp@lenmur.com
kjl@lenmur.com

5

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )   ss.:   Town of Southport
County of Fairfield   )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    Southport, CT
          May 22, 2007

_____
Nancy R. Peterson